UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> vs. ) <br> ) <br> **CHARLES EDWARD LITTLEJOHN,** ) <br> ) <br> **Defendant.** ) <br> ) | **Criminal Number:   1:23-cr-343** |

**GOVERNMENT'S UNOPPOSED MOTION TO PROVIDE ALTERNATIVE VICTIM
NOTIFICATION PURSUANT TO 18 U.S.C. § 3771(d)(2)**

The United States of America, through undersigned counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to use alternative victim notification procedures—namely, publication on a Department of Justice website—because the large number of potential crime victims in this case makes it impracticable to notify them on an individualized basis. The defendant does not oppose the Government's motion. In support of its motion, the Government states the following:

1.  The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e). In cases involving "multiple crime victims" where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in [18 U.S.C. § 3771](a), the Court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

2.     The defendant is charged with the unauthorized disclosure of tax return information of thousands of persons.  ECF No. 1, Information.  The Government respectfully submits that this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because of the number of potential crime victims. Based on its investigation, the Government has identified at least 152 victims whose tax information was published by the media as a result of the charged unauthorized disclosure.  The government has information that the defendant disclosed without authorization the tax return information of thousands more individuals, but those individuals' information was not published by the media.  The investigative agency is reviewing data in its possession to identify these additional potential victims on a rolling basis.

3.     Given the larger number of potential crime victims, this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because it is impracticable for the Government to, among other things, identify and provide individualized notice to each potential crime victims pursuant to 18 U.S.C. § 3771(a). *See United States v. Schessel*, 2022 WL 17094777, at *3 (D.N.J. Nov. 21, 2022) (finding that alternative notification of thousands of victims by website to be reasonable, even when a significant portion of the victim population has been identified).[1]

4.     As an alternative procedure to notify potential crime victims in this case, the Government proposes the public Department of Justice website. The website will provide a summary of the case, information regarding the case's status, including the dates and times of hearings scheduled by the Court, and other significant case-related documents, such as the

---

[1] The Government has provided individual notifications of this investigation and the rights crime victims have under the CVRA to the 152 identified victims so far, via mail and telephone calls to the victims or the designated representatives listed on their tax returns, and will continue to provide individual notifications of court hearings to those identified victims.  However, individual notification to all of the thousands of additional potential victims, many of whom the investigative agency is still trying to identify, would be impractical.

charging documents and plea agreement. The website will also contain an e-mail address through which individual potential crime victims could contact the Department of Justice with questions regarding the case.

5.     Pursuant to its statutory obligations under 26 U.S.C. § 7431(e), the Internal Revenue Service will send a notification to all taxpayers whose return information was disclosed informing them of the disclosure and advising them of their rights under the Internal Revenue Code.[2] This notice will also direct taxpayers to the website established by the Department of Justice to notify victims of their rights under the CVRA.

6.     Courts have authorized the use of a website by the Government to notify crime victims under the CVRA in other cases that involved numerous potential victims. *See United States v. Braun et al,* No. 9:19-cr-80030, Doc No. 67 (S.D. Fla. Mar. 29, 2019) (permitting notification of potential victims of wire fraud through publication on a Department of Justice website); *United States v. Panin et al*, No. 1:11-cr-00557, Doc No. 110 (N.D. Ga. Nov. 14, 2014) (authorizing notice to potential victims in case involving malware via publication on a Department of Justice Website); *United States v. Stanford,* Cr. No. 4:09-342, Doc. No. 253 (S.D. Tex. 2010) (allowing notice posted on Department of Justice's and court-appointed receiver's websites where tens of thousands of potential victims affected); *United States v. Madoff,* No. 1:08-mj-2735-UA-1, Doc. No. 33 (S.D.N.Y. 2009) (allowing notices of public proceedings posted on Department of Justice's and court-appointed trustee's websites where thousands of

---

[2] Under 26 U.S.C. § 7431(e), the IRS is required to send only one notification "as soon as practicable." In contrast, under the CVRA, victims have the right to "reasonable, accurate, and *timely* notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused." 18 U.S.C. § 3771(a)(2) (emphasis added). This requires multiple notifications to each victim. And given the timeline for a criminal case, it would be impractical to provide individual notice to the thousands of potential victims in a timely manner that would provide them reasonable advanced notice of the relevant court proceedings.

potential victims affected); *United States v. Zhao*, 1:18-cr-24, ECF No. 53 (N.D. Ill. Jan. 23, 2019) (permitting notification of potential victims of spoofing through publication on a Department of Justice website as an alternative means of individualized notice).

7.      WHEREFORE, the Government respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the Government to maintain a website as a reasonable alternative procedure for notifying crime victims in this case.

DATED this 4th day of October, 2023.

>                    Respectfully submitted,
>
>                    COREY R. AMUNDSON
>                    Chief, Public Integrity Section
>
> By:   */s/ Lauren Castaldi*
>       Lauren Castaldi
>       Jonathan Jacobson
>       Trial Attorneys
>       Public Integrity Section
>       United States Department of Justice
>       1301 New York Ave. NW
>       Washington, DC 20530
>       Telephone: (202) 305-4495

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2023, I served a copy of the foregoing via CM/ECF to defense counsel of record.

                                        /s/ *Lauren Castaldi*
                                        LAUREN CASTALDI
                                        Trial Attorney