UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Criminal Number: 1:23-cr-343** |
| **v.** ) | |
| ) | |
| **CHARLES EDWARD LITTLEJOHN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## GOVERNMENT'S NOTICE CONCERNING SENTENCING

The United States respectfully submits this notice addressing the following question posed by the Court: "is it *per se* unreasonable to impose a sentence of a maximum term, outside the guidelines, to a defendant that pled guilty, cooperated with the Government, and accepts responsibility?" For the reasons that follow, it is not *per se* unreasonable to impose a statutory maximum sentence under the circumstances outlined by the Court.

As an initial matter, Defendant Charles Littlejohn did not "cooperate[] with the government" within the meaning of U.S. Sentencing Guideline § 5K1.1 (authorizing a downward departure where the "defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense"). The government has not moved for a downward departure on that basis, nor has Defendant requested one. The extent of Defendant's "cooperation" amounts to his sitting with government investigators for two proffer sessions over the course of a few hours. During those sessions, Defendant discussed his own crimes and took sole responsibility for them.[1]

---

[1] Defendant's statement in his sentencing memorandum that he "cooperated," ECF No. 25 at 1, 31, 33, is accurate only insofar as Defendant accepted responsibility for his criminal activity and assisted the government in collecting certain additional evidence of that criminal activity.

Even under circumstances where defendants cooperate with the government, courts have imposed statutory maximum sentences that have been affirmed on appeal. For example, in *United States v. Santa Ana-Valdespino*, 252 F.3d 1356 (5th Cir. 2001), the district court sentenced the defendant above the applicable guidelines to the statutory maximum for illegally reentering the United States, notwithstanding his acceptance of responsibility, his "cooperation with the government," and the "mitigating circumstances of his childhood and personal history." *Id.* Because the district court had in fact "consider[ed] mitigating circumstances surrounding the case," the Fifth Circuit affirmed the maximum sentence. *See id.* Other federal circuit courts have reached substantially similar conclusions. *See United States v. McGinty*, 577 F. App'x 100, 101 (3d Cir. 2014) (upholding statutory maximum sentence for defendant who made a false statement to a federal firearms licensee notwithstanding his cooperation); *United States v. Briggs*, 455 F. App'x 130, 131 (2d Cir. 2012) ("The record indicates that although the district court imposed the statutory maximum sentence, it did consider [the defendant's] cooperation with state prosecutors."); *United States v. Carswell*, No. 21-11708, 2022 WL 1587016, at *2 (11th Cir. May 19, 2022) (unpublished) (affirming statutory maximum sentence of 20 years in drug conspiracy case notwithstanding the government's motion for a downward departure pursuant to U.S. Sentencing Guideline § 5K1.1); *United States v. Sanchez-Arriaga*, 588 F. App'x 355, 356 (5th Cir. 2014) (affirming statutory maximum sentence in firearm case over objection that sentencing court was unreasonable for failing to consider the defendant's cooperation and acceptance of responsibility); *cf. United States v. Bostic*, 645 F. App'x 947, 948 (11th Cir. 2016) ("That Bostic was sentenced to the statutory maximum sentence for his offense does not render his sentence per se unreasonable."); *United States v. Hargrove*, 701 F.3d 156, 164 n.6 (4th Cir. 2012) (holding that "a sentence is not *per se* unreasonable simply because the district court imposes a sentence at the

statutory maximum on a defendant who has accepted responsibility," in a case where the sentence exceeded the applicable guideline range); *United States v. LePage*, 477 F.3d 485, 492 (7th Cir. 2007) ("We are not prepared to establish a new rule that a sentence is *per se* unreasonable whenever a defendant is sentenced at the statutory maximum after cooperating and accepting responsibility.").

The three cases cited by the Court, too, support the proposition that a statutory maximum sentence is not *per se* unreasonable for a defendant who pleads guilty. In *LePage*, 477 F.3d at 491, the defendant contended that a statutory maximum sentence of ten years for a firearm offense was unreasonable because he was "deprived the benefit of having cooperated." *Id.* The court disagreed, highlighting that the defendant had received a benefit already "based on the manner in which he was charged." *Id.* The court in *United States v. Ortiz Alvarez*, 821 F. App'x 305, 309 (5th Cir. 2020), reached a similar conclusion, upholding a statutory maximum sentence of 480 months in a drug conspiracy case in part because the defendant would have had a "life sentence guideline range" had the government "charged the defendant with his true offense conduct." Finally, in *United States v. Helton*, 370 F. App'x 709, 712 (7th Cir. 2010), the court affirmed a statutory maximum sentence notwithstanding the defendant's acceptance of responsibility and guilty plea, even where the guidelines were substantially lower than the statutory maximum.

At bottom, so long as the Court appropriately considers the U.S. Sentencing Guidelines and the factors under 18 U.S.C. § 3553, a statutory maximum sentence can be reasonable. *See, e.g.*, *United States v. Miller*, 35 F.4th 807, 810, 818-19 (D.C. Cir. 2022) (upholding upward variance to statutory maximum life sentence based on district court's careful and appropriate consideration of sentencing factors); *United States v. Lee*, 122 F.3d 1058 (2d Cir. 1995) ("Indeed,

3

if accompanied by appropriate explanations, an immediate move to the statutory maximum may be justified.").

For the foregoing reasons, the United States submits that it is not *per se* unreasonable to impose a statutory maximum sentence on an individual who, like Defendant, pled guilty and accepted responsibility for his conduct.

                                                           Respectfully submitted,

Dated: January 28, 2024                    COREY R. AMUNDSON
                                                          Chief, Public Integrity Section
                                                          Criminal Division
                                                          U.S. Department of Justice

                                                          BY:
                                                          <u>/s/ Jonathan E. Jacobson</u>
                                                          JENNIFER A. CLARKE
                                                          Deputy Chief
                                                          JONATHAN E. JACOBSON
                                                          Trial Attorney
                                                          Public Integrity Section
                                                          United States Department of Justice
                                                          1301 New York Avenue, NW
                                                          Washington, DC 20530
                                                          Telephone: (202) 514-1412

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to all attorneys of record.

*/s/ Jonathan E. Jacobson*
Jonathan E. Jacobson
Trial Attorney, Public Integrity Section
U.S. Department of Justice
1301 New York Ave. NW, 10th Fl.
Washington, DC 20530
Tel:  202-514-1412
Email: Jonathan.Jacobson@usdoj.gov
