UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Criminal Number: 1:23-cr-343** |
| **v.** ) | |
| ) | |
| **CHARLES EDWARD LITTLEJOHN,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

The United States respectfully submits this response to Defendant's notice of supplemental authority concerning a recent set of sentences in this district arising from an investigation into the theft of certain proprietary government software and databases. *See United States v. Charles Edwards and Murali Venkata*, No. 20-CR-66-RDM (D.D.C.); *United States v. Sonal Patel*, No. 19-CR-81-RDM (D.D.C.). Defendant Charles Littlejohn's leak to national media outlets of thousands of individuals' tax returns to further his own political and policy agenda bears little resemblance to the theft of proprietary government software incidentally involving employees' personally identifiable information at issue in the *Edwards*, *Patel*, and *Venkata* cases, and the Court should not rely on those cases in fashioning an appropriate sentence for Defendant.

Edwards, Patel, and Venkata engaged in a scheme to steal proprietary government software and databases containing sensitive law enforcement information and the personally identifying information of federal employees. Edwards, who had previously served as the Acting Inspector General of the Department of Homeland Security's Office of Inspector General ("DHS-OIG"), sought to develop software that he could market to Offices of Inspector General across the federal government for profit. Because—having left government—he no longer had access to DHS-OIG's

systems and because he lacked technical expertise, he enlisted the assistance of Patel (a supervisor in the Information Technology office at DHS-OIG) and Venkata (an Information Technology employee whom Patel supervised) to copy certain proprietary software and databases held by DHS-OIG to help formulate his new product. The stolen databases included personally identifiable information ("PII") associated with over 200,000 federal employees. Edwards hired software developers in India to build his commercial software product and granted them access to the stolen DHS-OIG software and databases so that they could use it as a model.

Edwards pleaded guilty to conspiracy to commit theft of government property and to defraud the United States (18 U.S.C. § 371) and to theft of government property (18 U.S.C. § 641). Patel pleaded guilty to a single count of conspiracy to commit theft of government property (18 U.S.C. § 371). Both Edwards and Patel testified against Venkata—the lowest ranking member of the conspiracy—at a trial during which Venkata was convicted of conspiracy to commit theft of government property and to defraud the United States (18 U.S.C. § 371); theft of government property (18 U.S.C. § 641); wire fraud (18 U.S.C. § 1343); and destruction of records (18 U.S.C. § 1519). On January 26, 2024, Judge Randolph D. Moss sentenced Edwards to one year and six months in prison followed by two years of supervised release; Patel to two years of probation with the first year as home incarceration and a $40,000 fine; and Venkata to four months in prison followed by two years of supervised release, with the first eight months as home incarceration.

Littlejohn's criminal activity bears almost no resemblance to the crimes committed in the DHS-OIG matter. First, Littlejohn stole thousands of individuals' tax returns and tax information for the purpose of publicizing that information in service of his own political agenda. He fully understood, indeed intended, that his disclosures would damage his victims' reputations and hoped that such reputational damage would affect our nation's political process. By contrast, although

2

Edwards, Patel, and Venkata granted the Indian developers access to the stolen databases containing PII, the actual identities of the individuals whose PII was provided were irrelevant: the defendants did not intend for those individuals to be unmasked or for their information to be publicized or further disseminated and there was no evidence that it in fact was. Their use of PII, although reckless, was ancillary to their scheme to develop a commercial software product and market it to government agencies. In fact, the government ultimately voluntarily dismissed an aggravated identity theft charge in the *Venkata* case in light of *Dubin v. United States*, 599 U.S. 110 (2023) (holding that the aggravated identity theft statute, 18 U.S.C. § 1028A(a)(1), "is violated when the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature of a billing method"). Second, as Littlejohn surely foresaw, his disclosures caused immense shame and embarrassment to, as well as risked potential physical violence for, his victims, some of whom have received threats. In the DHS-OIG case, although the conspirators exposed numerous individuals to a risk of harm such as identity theft, there was no evidence that any of the victims suffered an analogous degree of actual harm. Finally, Littlejohn—unlike Edwards or Patel—did not cooperate with the government by testifying against any co-conspirators or obtain a downward departure pursuant to U.S. Sentencing Guideline § 5K1.1; and unlike Patel or Venkata, Littlejohn was the engineer of his disclosure scheme.

For the foregoing reasons, the United States submits that the *Edwards*, *Patel*, and *Venkata* sentences should have no bearing on the Court's sentence in this matter.

                                                  Respectfully submitted,

Dated: January 28, 2024                    COREY R. AMUNDSON
                                                  Chief, Public Integrity Section
                                                  Criminal Division
                                                  U.S. Department of Justice

                                                  BY:
                                                  <u>/s/ Jonathan E. Jacobson</u>
                                                  JENNIFER A. CLARKE
                                                  Deputy Chief
                                                  JONATHAN E. JACOBSON
                                                  Trial Attorney
                                                  Public Integrity Section
                                                  United States Department of Justice
                                                  1301 New York Avenue, NW
                                                  Washington, DC 20530
                                                  Telephone: (202) 514-1412

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to all attorneys of record.

/s/ Jonathan E. Jacobson
Jonathan E. Jacobson
Trial Attorney, Public Integrity Section
U.S. Department of Justice
1301 New York Ave. NW, 10th Fl.
Washington, DC 20530
Tel: 202-514-1412
Email: Jonathan.Jacobson@usdoj.gov
