# EXHIBIT A

JASON SMITH
MISSOURI,
*CHAIRMAN*

MARK ROMAN, STAFF DIRECTOR
(202) 225–3625

RICHARD E. NEAL
MASSACHUSETTS,
*RANKING MEMBER*

BRANDON CASEY, STAFF DIRECTOR
(202) 225–4021



# U.S. House of Representatives

COMMITTEE ON WAYS AND MEANS
1139 LONGWORTH HOUSE OFFICE BUILDING
Washington, DC 20515

January 23, 2024

The Honorable Ana C. Reyes
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

RE: United States v. Charles Littlejohn, 1:23-cr-00343-ACR

Dear Judge Reyes:

We write today to encourage you to sentence Mr. Charles Littlejohn above the anticipated sentencing guidelines range of 8 to 14 months and to the maximum of five years. We make this request respectfully and with complete deference for your role in deciding the appropriate sentence in this case. As the Committee on Ways and Means (Committee), which has jurisdiction over the Internal Revenue Code, our intention is to share important context related to this case that may be helpful to your decisions regarding sentencing. For years, the Committee has conducted congressional oversight of the Internal Revenue Service (IRS) related to the security of confidential taxpayer information. The Committee has questioned federal investigators and sought answers about who illegally stole and then later leaked private and confidential American taxpayer information and how the Internal Revenue Service (IRS) allowed it to happen.[1] Now that Mr. Littlejohn has been prosecuted and will be sentenced, the Committee will continue to fulfill its oversight role over the IRS in an effort to make sure it does not happen again.

But the Committee cannot accomplish this alone. As the Court knows, some of the Section 3553(a) factors it must consider are "the need for the sentence imposed . . . to reflect the seriousness of the offense [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2). Individuals who may be inclined to take the law into their own hands, as Mr. Littlejohn did, must know that they will be caught *and* that they will face severe consequences. We worry that a sentence of only 8 to 14 months does not comport with the seriousness of the crimes committed and we are concerned that a sentence in that range will fail to have the deterrent effect needed to prevent such a theft and disclosure from happening again. Below we describe some of the reasons why we think this is the case.

---

[1] H. Comm. On Ways and Means Press Release, *Brady Calls for Investigation into Potentially Criminal Leak of Trump's Private Tax Info*, Sept. 28, 2020, https://waysandmeans.house.gov/brady-calls-for-investigation-into-potentially-criminal-leak-of-trumps-private-tax-info/.

The Honorable Ana C. Reyes
January 23, 2024
Page 2

      First, we are concerned about the Department of Justice's (DOJ) determination to plead Mr. Littlejohn to a single count of unauthorized disclosure of taxpayer information[2] when the facts clearly warrant additional charges. Given that Mr. Littlejohn admitted to not only obstructing the DOJ's investigation, but also to making multiple distinct illegal disclosures of taxpayer information, a plea to one count of unauthorized disclosure of taxpayer information appears insufficient on its face. According to the factual proffer in support of the plea, Mr. Littlejohn admitted to committing two *separate* acts related to misappropriation of taxpayer information: stealing and disclosing private tax information associated with former President Donald J. Trump to *The New York Times*; and also stealing private tax information associated with thousands of individuals and disclosing this information to *ProPublica*.[3] Mr. Littlejohn not only admitted to committing these two separate acts, but he also acknowledged as part of his plea agreement that he obstructed the DOJ's investigation into the matter.[4]

      The Committee wrote to the DOJ on November 8, 2023, seeking an explanation as to why it only charged Mr. Littlejohn with a single count.[5] Despite our concerns that Mr. Littlejohn was only charged with one count, the Committee was pleased to see that on January 16, 2024, the DOJ filed a sentencing memorandum, in which the government urges the Court to sentence Mr. Littlejohn to the statutory maximum of five years imprisonment.[6] The DOJ also provided a response to the Committee's letter on January 17, 2024. Like the DOJ, we do not believe a sentence of 8 to 14 months for the crimes committed will effectively deter similar conduct in the future. Given the seriousness of Mr. Littlejohn's crimes, we believe a sentence above the anticipated guideline range is warranted.

      After initially raising concerns about the data breach that led to the leak of President Trump's confidential tax information to *The New York Times* in 2020, Members of the Committee called for transparency and an investigation following *ProPublica's* publication of taxpayer information in June 2021.[7] The Committee has worked with the Treasury Inspector General for Tax Administration (TIGTA) to learn about the progress of the investigation and to encourage them to keep pushing towards a resolution. TIGTA dedicated extensive resources to the matter in the form of both personnel and time. Their work was able to identify Mr. Littlejohn and make the prosecution and guilty plea here possible. Given how difficult it was for TIGTA to identify the culprit, it would be a shame if Mr. Littlejohn received a light sentence after stealing and disclosing an unprecedented amount of private taxpayer information.

---

[2] Plea Agreement, Oct. 12, 2023, Case No. 1:23-cr-003430ACR (ECF 8)
[3] Factual Basis for Plea, Oct. 12, 2023, Case No. 1:23-cr-003430ACR (ECF 9).
[4] *Id.*
[5] Letter from The Hon. Jason Smith, Chairman, H. Comm. on Ways and Means, et. al., to Corey R. Amundson, Chief, Public Integrity Section, Criminal Division, U.S. Dept. of Justice (Nov. 8, 2023), https://waysandmeans.house.gov/ways-and-means-republicans-demand-doj-answers-for-inadequate-charging-decisions-for-propublica-leaker/.
[6] Gov't Sentencing Memorandum, Jan. 16, 2024, Case No. 1:23-cr-003430ACR.
[7] H. Comm. On Ways and Means Press Release, *Brady, Crapo to IRS: Breach of Taxpayer Data Cannot Be Tolerated: Top Republican Tax Writers Call for Transparency, Investigation Into Leak of Confidential Tax Information, June 9, 2021*, https://waysandmeans.house.gov/brady-crapo-to-irs-breach-of-taxpayer-data-cannot-be-tolerated/.

The Honorable Ana C. Reyes
January 23, 2024
Page 3

     Mr. Littlejohn took the law into his own hands and decided he knew what was best. As you are aware, Section 6103 of the Internal Revenue Code contains a process by which Congress can obtain otherwise confidential tax information and release it under certain circumstances. Mr. Littlejohn's actions showed disdain for the rule of law and American confidence in our voluntary tax system. He acted with an apparent political motivation and perhaps with an intent to impact a Presidential election. While we wish that prosecutors had pleaded him to additional counts, you still can impose a more serious sentence than the anticipated 8-to-14-month guideline range. In our view, the seriousness of the crimes and the context surrounding them justify an upward variance. So that similar conduct is deterred in the future, we respectfully ask that you sentence Mr. Littlejohn to the maximum sentence of five years.

     Thank you for your consideration.

                              Sincerely,

| | |
|---|---|
| Jason Smith<br>Chairman<br>Committee on Ways and Means | Vern Buchanan<br>Member of Congress |
| Adrian Smith<br>Member of Congress | Mike Kelly<br>Member of Congress |
| David Schweikert<br>Member of Congress | Darin LaHood<br>Member of Congress |
| Brad R. Wenstrup, D.P.M.<br>Member of Congress | Jodey C. Arrington<br>Member of Congress |
| A. Drew Ferguson, IV<br>Member of Congress | Ron Estes<br>Member of Congress |
| Lloyd Smucker<br>Member of Congress | Kevin Hern<br>Member of Congress |

The Honorable Ana C. Reyes
January 23, 2024
Page 4

_____
Carol D. Miller
Member of Congress

_____
David Kustoff
Member of Congress

_____
W. Gregory Steube
Member of Congress

_____
Michelle Fischbach
Member of Congress

_____
Michelle Steel
Member of Congress

_____
Randy Feenstra
Member of Congress

_____
Mike Carey
Member of Congress

_____
Gregory F. Murphy, M.D.
Member of Congress

_____
Brian K. Fitzpatrick
Member of Congress

_____
Claudia Tenney
Member of Congress

_____
Blake D. Moore
Member of Congress

_____
Beth Van Duyne
Member of Congress

_____
Nicole Malliotakis
Member of Congress

cc:     Counsel of record, United States v. Charles Littlejohn, 1:23-cr-00343-ACR